No. 105.—WM. H. EREK, plaintiff in error, *vs.* JAMES E. ODENA, JOHN LYNCH and P. MULARKY, defendants.

[1.] The Attorney swore in an affidavit to hold to bail, that his principal claimed that defendant owed him a named sum, &c.: *Held*, that this was sufficient.

Assumpsit and *scire facias* against bail, in Fulton Superior Court. Tried before Judge BULL, April Term, 1856.

Benjamin R. Daniel, as Attorney at Law for Wm. H. Erek, commenced an action of assumpsit against James E. Odena for $244, in which action he filed his affidavit, requiring bail of the said Odena, in which affidavit he stated "that William H. Erek claims that James E. Odena of said county is indebted to him in the said sum of $244."

Erek was arrested and gave bond, with Lynch and Mularky as his securities. Judgment was afterwards obtained against Odena, and *scire facias* issued against the bail, to which they showed for cause why judgment should not go against them on their bond, " that the plaintiff nor the Attorney at Law who sued out the bail process, does not swear in the affidavit to the amount claimed by the plaintiff; but the Attorney only swears that the plaintiff in the action claims that the defendant, Odena, is indebted to him " in the sum sued for;" and on this ground, moved the Court to dismiss the *scire facias*. The Court sustained the motion, and Counsel for plaintiff excepted.

COOPER, for plaintiff in error.

GARTRELL & GLENN, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the affidavit sufficient ? The Court below held that it was not.

Erek *vs.* Odena, Lynch and Mularky.

The language of the Judiciary Act is, "such plaintiff shall make affidavit" " of the amount cleimed by him." (*Cobb's Dig.* 477.)

Another and subsequent Act declares, that " it shall and may be lawful for any agent, Attorney in fact or at law, to hold to bail in all civil cases, and under the same rules and restrictions as are pointed out in the before recited Acts on that subject. (*Id.* 482.)

One of these " before recited Acts" is the Statute first quoted.

The language of the affidavit follows the language of the Statute almost literally—as literally, perhaps, as the language of the affidavit of an agent could.

Why, then, is not the affidavit good? Because, as it is said, the affidavit is too absolute for an agent or Attorney to be able to take. But the Attorney did take it, and it turns out to be a true affidavit; for the principal has, by his suit, shown that he did claim of the defendant the amount mentioned in the affidavit.

We think that the affidavit was sufficient; and therefore, we reverse the judgment of the Court below. (See 9 *Ga. R.* 510.)